### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| THE CINCINNATI LIFE INSURANCE COMPANY, ) ) | |
| Plaintiff-Stakeholder, ) ) | |
| ) | Case No.: |
| v. ) ) | |
| Jewell Maul, Russell Maul, H.M., a minor, ) C.M., a minor, and Betsy Hutchison, as Executor of ) The Estate of Andrew B. Maul, deceased, ) ) | |
| Defendant-Claimants. ) | |

### COMPLAINT FOR INTERPLEADER

Plaintiff, THE CINCINNATI LIFE INSURANCE COMPANY ("Cincinnati Life"), by its attorneys, LITCHFIELD CAVO LLP, for its Interpleader Complaint against Jewell Maul, Russell Maul, H.M., a minor, C.M., a minor, and Betsy Hutchison, as Executor of the Estate of Andrew B. Maul, deceased, hereby states as follows:

1. This is an interpleader action brought by Cincinnati Life under Rule 22 of the Federal Rules of Civil Procedure. Cincinnati Life is the stakeholder of a sum of money. There are multiple potential claimants to that sum of money.

### THE PARTIES

2. Plaintiff Cincinnati Life is a life insurance company organized and existing under the laws of the State of Ohio with its principal place of business in the State of Ohio.

3. All Defendant-Claimants are citizens of the State of Illinois without exception.

## JURISDICTION AND VENUE

4. Interpleader is appropriate under Rule 22 of the Federal Rules of Civil Procedure, which allows for interpleader based on diversity or federal question. This Court has jurisdiction over this matter under 28 U.S.C §1332(a)(1) because there is complete diversity between Cincinnati and defendants and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Court under 28 U.S.C. §1391 and §1397, because at least one of the defendants is a resident of this judicial district and because a substantial part of the events giving rise to this action occurred within this judicial district.

## BACKGROUND

6. Cincinnati Life issued Policy No. 6293071L covering the life of Andrew B. Maul in the amount of $250,000.00 (the "$250,000 Policy"). Originally, this Policy had a death benefit of $500,000. This was later changed to the present amount. The $250,000 Policy names "Jewell Maul, wife" as the primary beneficiary. The $250,000 Policy names Russell Maul as the contingent beneficiary. Russell Maul is the decedent's father.

7. Cincinnati Life also issued a life insurance policy, Policy No. U2699679, in the amount of $69,383.00 (the "$69,383.00 Policy"). The $69,383.00 Policy names Jewell Maul as the primary beneficiary. The $69,383.00 Policy names Russell Maul as the contingent beneficiary.

8. On February 19, 2015, Andrew and Jewell Maul divorced.

9. In the Marital Settlement Agreement, Andrew Maul and Jewell Maul agreed that Andrew Maul would maintain a life insurance policy in the amount of $250,000.00 and that he would "designate Jewell as a beneficiary of the foregoing insurance, not individually, but solely as custodian of the children [H.M. and C.M.]." Marital Settlement Agreement, Art. 4, Paras. 1-2, pg. 5.

10. The life insurance policies at issue contain "Change of Beneficiary" clauses that state, "The owner may change the beneficiary by notifying us in writing while you are alive. When we receive written notice, the change will be effective on the date the notice was signed…"

11. Andrew Maul did not provide documentation to Cincinnati Life changing either Policy's beneficiary designation.

12. In Illinois, divorce does not automatically revoke contractual rights in a life insurance policy. However, a beneficiary may waive those rights in a divorce decree. Accordingly, a divorce decree can waive a spouse's right to life insurance proceeds. It is up to a court to judicially determine whether there is such a waiver.

13. On or about September 11, 2015, Andrew B. Maul was killed.

14. Jewell Maul's father, Robert Gill, has been charged with the murder of Andrew Maul.

15. On information and belief, there is an ongoing investigation into Andrew Maul's murder. On information and belief, Jewell Maul is being investigated for complicity in the death of Andrew Maul.

16. On information and belief, the investigation is expected to be ongoing for a long time.

17. If Jewell Maul is found to have "caused the death" of Andrew Maul, she will be prohibited from benefitting from the life insurance proceeds under both policies pursuant to Illinois' Slayer Statute, 755 ILCS §5/2-6.

18. Shortly after Andrew Maul's death, Jewell Maul submitted a claim for all benefits under both policies.

19. It is unclear whether Jewell Maul submitted the claim on behalf of herself, individually, or as custodian of H.M. and C.M.

20. A probate estate has been opened with respect to Andrew Maul. In that proceeding, a request has been filed to name Russell Maul the personal fiduciary of H.M. and C.M.

21. Betsy Hutchison has been named as Executor of the Estate of Andrew Maul. Betsy Hutchison is named as a defendant in this case in her capacity as Executor. The Estate of Andrew Maul is a necessary party to this action.

22. Because of the Marital Settlement Agreement, the Slayer Statute, and the ongoing criminal investigation, it is unknown at this time which of the Defendants have the prevailing right to proceeds under either Policy.

**Jewell Maul May Be Entitled to the Proceeds**

23. Defendant Jewell Maul has demanded that she receive payment of both policies' proceeds.

24. If it is determined that Jewell Maul did not cause the death of Andrew Maul, and the Marital Settlement Agreement did not waive her interest in the $250,000.00 Policy, she would be entitled to the proceeds under both policies as the primary beneficiary.

25. If Jewell Maul is found to have not caused the death of Andrew Maul, and if H.M. and C.M. are found to be beneficiaries of the $250,000.00 Policy as outlined in the Marital Settlement Agreement, it is likely they will only take under the $250,000.00 Policy as that Policy fully satisfies the Marital Settlement Agreement, in which case Jewell Maul would be entitled to the proceeds under the $69,383.00 Policy as primary beneficiary.

### H.M. and C.M. May Be Entitled to Proceeds

26. H.M. and C.M. have a claim to the Policies' proceeds based on the Marital Settlement Agreement.

27. Based on the Marital Settlement Agreement, H.M. and C.M. have a claim to the proceeds of the $250,000.00 Policy. Accordingly, a Court may decide to appoint a trustee for the benefit of H.M. and C.M. In the probate case of Andrew Maul, a request was made that a personal fiduciary be named for H.M. and C.M.

28. It does not appear that H.M. and C.M. are entitled to the $69,383.00 Policy's Proceeds because the Marital Settlement Agreement does not refer to that policy.

### Russell Maul May Be Entitled to the Proceeds

29. Russell Maul is contingent beneficiary to the Policies.

30. If Jewell Maul is found to have caused the death of Andrew Maul, and if H.M. and C.M. are found not to be beneficiaries because of the Marital Settlement Agreement, Russell Maul will be entitled to the proceeds under both policies as contingent beneficiary.

31.     If Jewell Maul is found to have caused the death of Andrew Maul, and if H.M. and C.M. are found to be beneficiaries as outlined in the Marital Settlement Agreement, Russell Maul would be entitled to the proceeds under the $69,383.00 Policy as contingent beneficiary.

## INTERPLEADER

32.     A civil determination of whether a person caused the death of the decedent may not commence until one year has passed from the date of death.  755 ILCS 5/2-6.  This means that the Court may not address whether Jewell Maul caused the death of Andrew Maul until September 11, 2016 at the earliest, and later still if criminal proceedings are commenced against her.  The statute also forbids discovery regarding the Slayer Statute for the same time period.

33.     A court will need to determine whether the $250,000.00 Policy's Proceeds should go to Jewell Maul, to her daughters, or to Russel Maul as contingent beneficiary.

34.     It is unclear to whom proceeds due to H.M. and C.M., who are minors, should be paid.

35.     Cincinnati Life is neutral respecting these Defendants, and it has no interest in or claim upon the sum of money at issue.  Rather, at all relevant times prior to the filing of this interpleader action, Cincinnati Life has been ready, willing and able to pay the $250,000.00 Policy's Proceeds and the $69,383.00 Policy's Proceeds to the person or persons lawfully entitled to receive them.

36.     Cincinnati Life is prepared to deposit the Policies' Proceeds, plus any legally required interest, with the Clerk of the Court for the benefit of whichever of the Defendants may be entitled to them, and subject to the orders of this Court.

WHEREFORE, Plaintiff, THE CINCINNATI LIFE INSURANCE COMPANY, prays that this Court enter judgment as follows:

A.  That Plaintiff Cincinnati Life is to deposit with the Clerk of Court for the United States District Court for the Central District of Illinois the Policies' proceeds plus any legally required interest;

B.  That this Court enter an order enjoining the Defendants and their agents from instituting or prosecuting any proceeding against Cincinnati Life respecting the obligations and amounts of money involved in this interpleader action;

C.  That this Court enter an order discharging with prejudice Plaintiff Cincinnati Life from all further liability to the Defendants with respect to the Policies involved in this interpleader action;

D.  That the Defendants be required to interplead with each other to settle and determine their respective rights to the money deposited by Plaintiff Cincinnati Life with the Clerk of this Court; and

E.  That this Court grant Plaintiff Cincinnati Life such other relief as the Court deems appropriate under the circumstances.

Dated:  January 4, 2016

                                                   The Cincinnati Life Insurance Company

                                By:    s/ Daniel G. Litchfield
                                              Daniel G. Litchfield

Daniel G. Litchfield
LITCHFIELD CAVO LLP
303 West Madison, Suite 300
Chicago, Illinois 60606-3309
(312) 781-6669 (Litchfield)
(312) 781-6685 (Floore)
(312) 781-6630 facsimile
Email: litchfield@litchfieldcavo.com
Email: floore@litchfieldcavo.com